**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BRUCE KING,** | |
| **Plaintiff,** | **No. 1:23-cv-04077** |
| **v.** | **JHR-MJS** |
| **CAMDEN IRON & METAL, INC. d/b/a EMR, EMR ADVANCED RECYCLING, LLC, MY AUTO STORE, LLC & EMR (USA HOLDINGS), INC.,** | |
| **Defendants.** | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendants Camden Iron & Metal, Inc. d/b/a EMR, EMR Advanced Recycling, LLC, The Auto Store LLC d/b/a My Auto Store (incorrectly identified as "My Auto Store, LLC") and EMR (USA Holdings) Inc. (collectively "EMR"), by its attorneys, hereby responds to the allegations in Plaintiff's Complaint ("the Complaint") in accordance with the numbered paragraphs thereof.

## INTRODUCTION

1.      After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations as to Plaintiff's motivation for filing the instant action.  To the extent that a responsive pleading is required, the remaining allegations contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a response is required, the substantive allegations regarding violations of the statutes identified are denied.

**JURISDICTION AND VENUE**

2.      The allegations contained in paragraph 2 of the Complaint constitute a conclusion of law to which no responsive pleading is required.  By way of further response, it is admitted that this Court has jurisdiction over this matter.

3.      The allegations contained in paragraph 3 of the Complaint constitute a conclusion of law to which no responsive pleading is required.  By way of further response, it is admitted that this Court has jurisdiction over this matter.

4.      The allegations contained in paragraph 4 of the Complaint constitute conclusions of law to which no responsive pleading is required.  It is denied that EMR has harmed Plaintiff in any way.  By way of further response, it is admitted that venue is proper in the United States District Court for the District of New Jersey.

5.      After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's alleged receipt of a Notice of Right to Sue contained in this Paragraph.  To the extent that a responsive pleading is required, such allegations are denied. The remaining allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

**PARTIES**

6.      EMR incorporates the responses to paragraphs 1-5 as set forth above.

7.      It is admitted that Plaintiff is an adult individual.  EMR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph.  To the extent that a responsive pleading is required, such allegations are denied.

8.     Admitted in part, denied in part.  It is admitted only that Defendant Camden Iron & Metal, Inc. d/b/a EMR operates a scrap yard and metal recycling company in different locations, including New Jersey.  The remaining allegations contained in this Paragraph are denied.

9.     Admitted.

10.     Admitted.

11.     Admitted.

12.     The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

13.     The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

## FACTUAL BACKGROUND

14.     EMR incorporates the responses to paragraphs 1-13 as set forth above.

15.     EMR is unable to admit or deny how Plaintiff identifies himself.  Upon information and belief, it is admitted that Plaintiff appears to be a black male.

16.     Denied.

17.     Plaintiff's use of the terms "dedicated," "hard-working" and the phrase "performed his job well" are vague and unintelligible in the context of the Complaint and EMR is unable to admit or deny the same.  To the extent that a responsive pleading is required, such allegations are denied.

18.     Admitted.

19.    Denied as stated.  Plaintiff was rehired to work at My Auto Store on or about March 2021.  The remaining allegations contained in this paragraph are denied.

20.    Denied.

21.    Plaintiff's use of the phrase "continuing success" is vague and unintelligible in the context of the Complaint and EMR is unable to admit or deny the same.  The remaining allegations in this paragraph are denied as stated.  It is admitted that Plaintiff was hired to work in the Advanced Recycling facility (commonly referred to as "IRP") on or about June 20, 2022. He began his employment in the Advanced Recycling facility working on the day shift as a Production Supervisor before being transferred to the position of Operations Supervisor on the 6p – 6a shift.  The remaining allegations in this paragraph are denied.

22.    Denied.

23.    Plaintiff's use of the phrases "purported training" and "ostensible fabrication" are vague and unintelligible in the context of the Complaint and EMR is unable to admit or deny the same.  To the extent that a responsive pleading is required, the allegations in this paragraph are denied.

24.    Admitted in part.  Denied in part.  Plaintiff's use of the phrases "purported training" and "ostensible fabrication" are vague and unintelligible in the context of the Complaint and EMR is unable to admit or deny the same.  It is admitted that Mr. Frazier appears to be a Caucasian individual and that Mr. Frazier played a role in training Plaintiff for his role as Operations Supervisor.  The remaining allegations contained in this paragraph are denied.

25.    Denied.

26.    After reasonable investigation, Plaintiff's use of the phrase "purported aforesaid training" is vague and unintelligible in the context of the Complaint and EMR is unable to admit

or deny the same.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph regarding what Plaintiff claims an employee named "Kelvin" said to him.  It is specifically denied that Mr. Frazier's efforts to train Plaintiff in Summer 2022 were knowingly or purposely deficient.

27.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of what Plaintiff claims to have been "well-known" by unidentified individuals.  It is admitted that Plaintiff was hired with the intention that he work as an Operations Supervisor on the second shift in the IRP.  The remaining allegations contained in paragraph 27 are denied.

28.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of what unidentified individuals allegedly said "over the radios."  The remaining allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

29.     Plaintiff's use of the phrases "alleged training period" is vague and unintelligible in the context of the Complaint and EMR is unable to admit or deny the same.  It is admitted that Plaintiff began working on the second shift as Operations Supervisor in June 2022.  The remaining allegations contained in paragraph 29 of the Complaint are denied.

30.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of what Plaintiff claims he "quickly noticed."  It is admitted that the other second shift Operations Supervisor in the IRP was not black.  The remaining allegations contained in this Paragraph are denied.

**(Alleged) Racial Discrimination and Hostile Work Environment**

31.      After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of what Plaintiff claims he "realized."  Further, Plaintiff's use of the phrase "run like a gang" is vague and unintelligible in the context of the Complaint and EMR is unable to admit or deny the same.  It is further denied that any manager of EMR or the IRP (including Mr. Rodriguez) took any action or refrained from any action (including the behaviors alleged in sub-paragraphs a. – f.) because of Plaintiff's race or national origin.  "Felix" is not a managerial employee and, as such, was not placed in a position in which he had the responsibility or authority to direct co-workers or supervisory employees in any respect.  By way of further response, Defendants are not aware of any racially discriminatory or derogatory statements towards Plaintiff in the workplace.

32.      After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph as Plaintiff has failed to identify the incident referenced with sufficient specificity to admit or deny.  By way of further response, it is denied that any manager of EMR or the IRP took any action or refrained from any action because of Plaintiff's race or national origin.

33.      After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph as Plaintiff has failed to identify the individuals or incidents referenced with sufficient specificity to admit or deny.  By way of further response, it is denied that any manager of EMR or the IRP took any action or refrained from any action because of Plaintiff's race or national origin.

34.      After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph as they relate to conversations between Messrs. King and Cuevas and the latter's efforts to serve as a

translator for Plaintiff.  It is admitted that not all of the employees working under Plaintiff's supervision on the Night shift spoke English.  It is further admitted (upon information and belief) that Mr. Cuevas speaks both English and Spanish.

35.    Denied.

36.    The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

37.    Plaintiff's use of the phrase "gang symbols and graffiti" is vague and unintelligible in the context of the Complaint and Defendants are unable to admit or deny the same.  Further, the allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, Defendants are unaware of the word "nigger" or "the black" having been written on any machinery during the course of Plaintiff's employment.

38.    Admitted in part.  Denied in part.  It is admitted that Plaintiff met with Mr. Perez in August 2022.  The remaining allegations in this paragraph are denied.

39.    The allegations contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

40.    The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, it is specifically denied that Mr. Rodriguez falsely or inaccurately reported any action or inaction of Plaintiff.

41.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.   By way of further response, Defendants are without knowledge or information sufficient to form a belief as to what Plaintiff believes any message may or may not have "insinuated."

42.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the specific conversation alleged in this Paragraph. To the extent that a responsive pleading is required, such allegations are denied.  It is further specifically denied that Mr. Valentine "threatened" Plaintiff at any time during his employment.

43.     It is denied that Plaintiff discussed the behaviors alleged the preceding paragraphs of the Complaint regarding Mr. Rodriguez or "Felix" with Mr. Valentine.  It is admitted that Plaintiff discussed Mr. Rodriguez with Mr. Valentine, usually if not exclusively, in the context of attempting to shift blame for facility activity (or inaction) under Plaintiff's supervision to Mr. Rodriguez.  The remaining allegations contained in this Paragraph are denied.

44.     The allegations contained in paragraph 44 of the Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, such allegations are denied.

**Defendants' (Alleged) Unsafe Working Conditions**

45.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of what Plaintiff claims to have "observed" as contained in this Paragraph.  Further, Plaintiff's allegations regarding unidentified employees operating unidentified machinery are vague and unintelligible in the context of the Complaint and Defendants are unable to admit or deny the same.  By way of further response, it is denied that

Plaintiff brought to the attention of any of his supervisory or managerial employees that employees under his supervision were working in an "unsafe" manner.

46.     Plaintiff's allegations regarding an unlicensed forklift operator dropping a generator are vague and unintelligible in the context of the Complaint and Defendants are unable to admit or deny the same.  By way of further response, it is denied that Defendants have any record of such accident during the course of Plaintiff's assignment to the second shift in the IRP.

47.     Plaintiff's use of the phrase "thereafter" is vague and unintelligible in the context of the Complaint and Defendants are unable to admit or deny the same.  To the extent that a responsive pleading is required, such allegation is denied.

48.     Defendants incorporate their responses to the preceding paragraphs as fully set forth.  By way of further response, the allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

**Plaintiff's (Alleged) Continued Complaints and Retaliation Thereof [sic]**

49.     The allegations contained in paragraph 49 of the Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, it is admitted that Plaintiff was returned to the first (day) shift on or about October 6, 2022 as a result of his unsatisfactory performance as Operations Supervisor on the second shift. It is further admitted that Mr. Frazier worked on the day shift before and after Plaintiff was returned to the shift on October 6.

50.     Admitted in part.  It is admitted that Defendants provided Plaintiff with the document referenced during his return to the day shift.  Plaintiff's use of the word "curiously" is vague and unintelligible in the context of the Complaint and Defendants are unable to admit or

deny the same.  Defendants are unaware of whether Plaintiff was offered the opportunity to sign the document identified.

51.     Plaintiff's use of the word "further" is vague and unintelligible in the context of the Complaint and Defendants are unable to admit or deny the same.  To the extent that the word "further" is intended to imply wrongdoing on the part of Defendants, such allegation is specifically denied.  Additionally, Plaintiff's use of the word "backdated" is vague and unintelligible in the context of the Complaint and Defendants are unable to admit or deny the same.  It is specifically denied that the date of the document was or was intended to be discriminatory or retaliatory in any respect.  It is admitted that the expectation was that Plaintiff would address his deficient performance expeditiously.

52.     The allegations contained in paragraph 52 of the Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, such allegations are denied.

53.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding anything allegedly found in the workplace by Plaintiff, as alleged in this Paragraph.  To the extent that it is alleged that Plaintiff showed Mr. Frazier anything that reasonably could have been described as a weapon and that Mr. Frazier ignored the same, such allegation is denied.

54.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding an alleged text message sent by Mr. Valentine.  It is specifically denied that any supervisory employee of Plaintiff took any action or refrained from taking any action because of Plaintiff's race or national origin.  To the

extent that any additional responsive pleading is required, the remaining allegations in this paragraph are denied.

55.     Plaintiff's use of the phrase "threatened with bodily harm" is vague and unintelligible in the context of the Complaint and Defendants are unable to admit or deny the same.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph specifically what Mr. Ecavaria said and the circumstances of which he may have made any statement ("Felix's" name is Eddie Nelson Vaga Ecavaria). To the extent that a responsive pleading is required, such allegations are denied.

56.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.  To the extent that a responsive pleading is required, such allegations are denied.

57.     Inasmuch as Defendants are without knowledge or information regarding any specific action or inaction of Plaintiff's subordinate Mr. Ecavaria.  Defendants are unable to admit or deny that any conversation occurred "immediately thereafter."  Defendants are further without knowledge or information regarding any alleged conversation between Plaintiff and any employee named "Emil."  It is admitted that Plaintiff complained to Mr. Frazier that Mr. Ecavaria had approached him while carrying a wrench and that Plaintiff characterized Felix's behavior as threatening.

58.     Defendants are without knowledge or information regarding any alleged conversation between Plaintiff and any employee named "Emil."  It is admitted that Mr. Frazier advised Plaintiff that his concerns regarding Mr. Ecavaria carrying a wrench would be reviewed.

59.    Defendants are further without knowledge or information regarding any alleged conversation between Plaintiff and any employee named "Emil."

60.    Admitted in part.  Denied in part.  It is admitted that on or about October 27, 2022, Plaintiff discussed his allegation that Mr. Ecavaria had walked towards him while carrying a wrench with Charles Atkins.  The remaining allegations contained in paragraph 60 of the Complaint are denied.

61.    The allegations contained in paragraph 61 of the Complaint are vague and unintelligible, inasmuch as it is unclear whether Plaintiff is alleging that the conversation with Mr. Atkins regarding Mr. Ecavaria was intended as "the" or "a" discussion of discrimination, retaliation and/or unsafe working conditions.  It is denied that during conversation, Plaintiff discussed such concerns with Mr. Atkins.

62.     It is admitted that on or about October 27, 2022, Plaintiff and Mr. Atkins discussed Plaintiff's desire for another position within EMR.  The remaining allegations in this paragraph are denied.

**Plaintiff's (alleged) Request for Medical Leave**

63.    EMR has no record of a text message from Plaintiff to Mr. Perez on the date in question.  It is admitted that on or about November 1, 2022, Plaintiff discussed his father with Mr. Perez.  The remaining allegations contained in this paragraph are denied.

64.    Denied as stated.  It is admitted that during his communication with Plaintiff, Mr. Perez directed Plaintiff to contact Nadine Rucci (Acosta) in Human Resources regarding Plaintiff's work in relation to his (Plaintiff's) father.  The remaining allegations contained in this paragraph are denied.

65.     Admitted in part.  Denied in part.  It is admitted that on or about November 2, 2022, Plaintiff spoke to Ms. Rucci about his father and that following the conversation, Ms. Rucci sent to Plaintiff information regarding the Family and Medical Leave Act.  The remaining allegations contained in this paragraph are denied.

66.     EMR incorporates its response to paragraph 65 as fully set forth.

67.     It is admitted that Plaintiff was terminated on or about November 11, 2022.  It is admitted that Plaintiff did not respond to Ms. Rucci's email referenced in response to paragraph 65 on or before November 11, 2022.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph.

<b><u>Plaintiff's Termination</u></b>

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

73.     The allegations contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent that a responsive pleading is required, such allegations are denied.

<b><u>Count I</u></b>

74.     EMR incorporates its responses to paragraphs 1-73 as fully set forth above.

13

75.     The allegations contained in paragraph 75 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that a responsive pleading is required, such allegations are denied.

76.     The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

77.     Admitted in part.  It is admitted that Plaintiff was terminated on or about November 11, 2022.  The remaining allegations contained in this Paragraph are denied.

78.     The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

79.     The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

80.     The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

## Count II

81.     EMR incorporates its responses to paragraphs 1-80 as fully set forth above.

82.     The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

83.     The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

84.     Admitted in part.  It is admitted that Plaintiff was terminated on or about November 11, 2022.  The remaining allegations contained in this Paragraph are denied.

85.     The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

86.     The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

87.     The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

**Count III**

88.     EMR incorporates its responses to paragraphs 1-87 as fully set forth above.

89.     The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

90.     The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

91.     Admitted in part.  It is admitted that Plaintiff was terminated on or about November 11, 2022.  The remaining allegations contained in this Paragraph are denied.

92.     The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

93.     The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

94.     The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

## Count IV

95.     EMR incorporates its responses to paragraphs 1-94 as fully set forth above.

96.     Admitted.

97.     The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, it is admitted that EMR is subject to the Family and Medical Leave Act.

98.     The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

99.     The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

100.    The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

101.    The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

102.    The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

<u>**Count V**</u>

103.    EMR incorporates its responses to paragraphs 1-102 as fully set forth above.

104.    Admitted.

105.    Admitted.

106.    The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

107.    The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

108.    The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

109.     The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

## Count VI

110.     EMR incorporates its responses to paragraphs 1-109 as fully set forth above.

111.     The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

112.     The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

113.     The allegations contained in this Paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent that a substantive response is required, such allegations are denied.

**WHEREFORE**, Defendants Camden Iron & Metal, Inc. d/b/a EMR, EMR Advanced Recycling, LLC, The Auto Store LLC d/b/a My Auto Store (incorrectly identified as "My Auto Store, LLC") and EMR (USA Holdings) Inc., respectfully request that this Court dismiss Plaintiff's Complaint with prejudice and order Plaintiff to pay their attorneys' fees and costs and award them any other relief that the Court deems equitable and just.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred by the applicable statute of limitations and/or other limitations period(s).

18

## THIRD AFFIRMATIVE DEFENSE

At all material times, any actions taken by EMR with respect to the terms, conditions, or privileges of Plaintiff's employment were taken for legitimate, non-discriminatory, reasons.

## FOURTH AFFIRMATIVE DEFENSE

At all material times, any actions taken by EMR with respect to the terms, conditions, or privileges of Plaintiff's employment were taken in good faith, and EMR had reasonable grounds to believe that its conduct was not a violation of any statute, including those identified in Plaintiff's Complaint.  Additionally, because EMR did not aid, abet, ratify, condone, encourage or acquiesce in any alleged discriminatory, retaliatory, or harassing conduct, to the extent that such acts are found to have been made with respect to supervisory or managerial agents of EMR, such acts are outside the scope of their employment, contrary to EMR's good faith efforts to prevent discrimination and retaliation in the workplace, and, as such, cannot be attributed to EMR.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages or losses, such damages or losses were caused, in whole or in part, by Plaintiff's own acts, omissions, or conduct.  No action or inaction of EMR (or any of its officers, agents, or employees) caused Plaintiff harm at any time.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, because Plaintiff failed to exhaust his administrative remedies or to meet the jurisdictional prerequisites, statutory requirements (including without limitation filing his claims within the applicable statute of

limitation and/or administrative filing periods), or conditions precedent for maintaining all or part of this action.

## EIGHTH AFFIRMATIVE DEFENSE

EMR has promulgated and widely disseminated policies against unlawful discrimination in the workplace.  Plaintiff, however, failed to take advantage of the policy at an appropriate time and in an appropriate manner.  EMR exercised reasonable care to prevent and promptly correct any alleged discriminatory, harassing, or retaliatory conduct in its workplace, and Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by EMR, or otherwise avoid the alleged harm.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cognizable claim for compensatory and/or punitive damages.

## TENTH AFFIRMATIVE DEFENSE

EMR did not aid, abet, ratify, condone, encourage, or acquiesce in any alleged discriminatory, harassing, or retaliatory conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any of the relief sought, because, assuming (without conceding) that Plaintiff was the victim of unlawful conduct, EMR would have taken the same action in the absence of any impermissible motivating factor.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state facts sufficient to state a claim which would entitle Plaintiff to an award for costs or attorneys' fees.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are or may be barred, in whole or in part, by his failure to mitigate damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or damages are barred or mitigated by the after-acquired evidence doctrine.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for liquidated damages under the FMLA is barred because EMR acted in good faith and Defendant had reasonable grounds to believe that its actions were not in violation of the FMLA.

Respectfully submitted,

**FISHERBROYLES, LLP**

Dated:  October 16, 2023          By:   */s/ Benjamin S. Teris*
                                        Benjamin S. Teris
                                        100 Overlook Center, 2nd Floor
                                        Princeton, NJ 08540
                                        Benjamin.Teris@FisherBroyles.com
                                        856-873-5437

                                        Sidney R. Steinberg *(PHV Pending)*
                                        sidney.steinberg@fisherbroyles.com
                                        333 E. Lancaster Ave. #321
                                        Wynnewood, PA 19096
                                        610-806-5060

                                        *Counsel to Defendants*

## CERTIFICATION PURSUANT TO L. Civ. R. 11.2

The undersigned counsel certifies that to the best of his knowledge and belief, the above-captioned controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

**FISHERBROYLES, LLP**

Dated:  October 16, 2023          By:  */s/ Benjamin S. Teris*
                                      Benjamin S. Teris
                                      100 Overlook Center, 2nd Floor
                                      Princeton, NJ 08540
                                      Benjamin.Teris@FisherBroyles.com
                                      856-873-5437

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Answer with Affirmative Defenses has been

electronically filed with the Court and is available for viewing and downloading from the ECF

System and thereby has been served upon the following counsel of record, electronically:

Ari R. Karpf, Esq.
Samantha Pankey Martin, Esq.
W. Charles Sipio, Esq.
Karpf, Karpf & Cerutti, P.C.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020

**FISHERBROYLES, LLP**

Dated:  <u>October 16, 2023</u>                    By:   <u>*/s/ Benjamin S. Teris*</u>
                                                     Benjamin S. Teris
                                                     100 Overlook Center, 2nd Floor
                                                     Princeton, NJ 08540
                                                     Benjamin.Teris@FisherBroyles.com
                                                     856-873-5437

                                                     Sidney R. Steinberg *(PHV Pending)*
                                                     sidney.steinberg@fisherbroyles.com
                                                     333 E. Lancaster Ave. #321
                                                     Wynnewood, PA 19096
                                                     610-806-5060

                                                     *Counsel to Defendants*